# COUNTY OF UNION

### OFFICE OF THE COUNTY COUNSEL
*Robert E. Barry, Esq., County Counsel*

**BOARD OF**
**CHOSEN FREEHOLDERS**

BETTE JANE KOWALSKI
*Chair*

ALEXANDER MIRABELLA
*Vice Chairman*

ANGEL G. ESTRADA

ANGELA R. GARRETSON

SERGIO GRANADOS

CHRISTOPHER HUDAK

KIMBERLY PALMIERI-MOUDED

ANDREA STATEN

REBECCA WILLIAMS

EDWARD OATMAN
*County Manager*

AMY C. WAGNER
*Deputy County Manager*

ROBERT E. BARRY, ESQ.
*County Counsel*

JAMES E. PELLETTIERE
*Clerk of the Board*

KAMILI WILLIAMS
*Division Director*

May 28, 2020

United States Bankrtpcy Court
**ATTN: HON. CHRISTINE GRAVELLE, U.S.B.J.**
402 East State Street
Trenton, NJ  08608-1507

**RE: In re:  Erica C. Clark, Chapter 13 Case No. 15546-CMG**

Please be advised the undersigned represents Union County Division of Social Services.

Enclosed please find the following documents filed on behalf of Union County Division  of Social Services in opposition of  Debtors Motion  alleging a violation  Automatic Stay by Union County Division of Social returnable June 3, 2020

Certification of Pamela G. Dunn-Hale, Esq Deputy County Counsel
Certification of  Beth Maldonado, ABACUS Supv.
 Certification of Service

Please feel free to contact the undersigned @ 908-965-3623 should you have ny question and or require additional information.

Very truly yours,

Pamela G. Dunn-Hale, Esq
Deputy County Counsel
Union County Division of Social Services

cc:  Nicholas Fitzgerald, Esq.
     Anthony Russo, Trustee

**PAMELA G. DUNN-HALE, ESQ, 028701984**
**Deputy County Counsel**
**OFFICE OF UNION COUNTY COUNSEL**
**Division of Social Services**
**342 Westminster Ave**
**Elizabeth, NJ 07208**
**(908) 965-3602**
**Attorney for Plaintiff**

UNITED STATE BANKRUPTCY COURT
DISTRICT OF NEW JERSEY---TRENTON

-------------------------------------------------- Chapter 13

In Re:                                               Case No: 19-15546

                                                     Hon. Christine M. Gravelle

ERICA C. CLARK

--------------------------------------------------

**CERTIFICATION IN OPPOSITION TO DEBTORS MOTION ALLEGING A VIOLATION OF AUTOMATIC STAY AND FOR ATTORNEYS FEES AGAINST UNION COUNTY DIVISION OF SOCIAL SERVICES**

Pamela G. Dunn-Hale Esq by hereby certifies as follows:

1.   I am Deputy County Counsel with the Office of Union County Counsel and represent Union County Division of Social Services in the matter before the Court.

2.   I make this certification in response to Debtors Motion alleging Union County Division of Social Services violation of the automatic stay and for payment of legal fees associated with the filing of the said motion.

3.   On or about Feb 14, 2020 I received a phone call from Erica Clark, who apparently was very angry and annoyed. She demanded from Union County Division of Social Services (hereinafter "UCDSS") a reimburse of $1783.00 that she indicated was intercepted taken from her recent NJ State Income Tax refund.

4.   In that conversation, she indicated to me that she had spoken with several individuals, who were giving her the run around about refunding the money.  She further advised me that she filed Chapter 13 Bankruptcy in 2019 and that a debt owed to UCDSS was included in her petition.

5.    I explained to Ms. Clark that I was personally unaware of her Bankruptcy filing, as my office, the UCDSS Legal Dept. had not received a Proof of Claim, a Discharge or any other correspondence regarding her Bankruptcy case.  I further indicated to her that according to UCDSS Automated Budgeting and Claims Updating System Dept. (hereinafter "ABACUS") records, there was no reference to her Bankruptcy filing. I advised her that I would have to investigate and make further inquiry and suggested to her that she and or her attorney provide my office with a proof of her bankruptcy filing and/or discharge.

6.    The UCDSS ABACUS Dept consist of several units including investigates, identify, collect, recoup and monitor payments for cases involving overpayments of public assistance benefits paid to an individual.

7.    On Feb 14, 2020 UCDSS was not in possession of any money that may have been intercepted from Debtor's State or Federal income tax refund.   I attempted to explain to a very aggravated Ms. Clark the process, procedure and estimated time frame involved in refunding money comes to the Agency as a result of a tax intercept.  I advised her that UCDSS could not refund any money unless and until 1) UCDSS receives a copy of the Bankruptcy filing;  2) any money taken from her the State of Federal  taxes is actually received by UCDSS; 3) once received the  UCDSS  would prepare and send a payment voucher to her for signature  and 4) finally when the signed voucher is returned and received, a payment would be processed.  The process can take several weeks to several months and is primarily dependent upon when UCDSS actually receives the money from the New Jersey's Offset Individual Liability (hereinafter "SOIL") and/or Federal Treasury Offset Program (hereinafter "TOP") programs.

8.    During the dates Feb 20 through Feb 28, 2020 I was away on vacation.  Upon my return on Mar 2, 2020, Jennifer Halvorsen a case worker in the ABACUS collection unit, provided me with a copy of a nine page fax transmittal from Debtor's attorney **(Debtor EXHIBIT G)** and a letter with attachments dated Feb 23, 2020 from Debtor's attorney's **(Debtor EXHIBIT H)**.   After reviewing the communications from Debtor's attorney, I spoke with Beth Maldonado, Supervisor with the ABACUS Dept. to inquiry about status of UCDSS receipt any money from the  SOIL and TOP Programs for Debtor.  Ms. Maldonado advised me that UCDSS had not received money from the SOIL and TOP programs regarding Ms. Clarks' taxes.

9.    Ms. Maldonado further indicated that once an unpaid debt is electronically transmitted via the ABACUS system for tax intercept, UCDSS does not receive copies of notices or any other correspondence that the SOIL or TOP programs may send to the taxpayer. **(Debtor's EXHIBITS I & J).**

10.    According to Ms. Maldonado, when an unpaid debt is submitted to both SOIL and TOP programs. UCDSS is the unaware that actual payment has been satisfied by a tax refund intercept until 1) the Agency receives a computer-generated report of the payment from the State or Federal Treasury or 2) a taxpayer calls UCDSS and makes inquiry, as the Debtor did when she contacted UCDSS in Feb 2020.

11.    Following my discussion with Ms. Maldonado, I had a very detailed conversation with Debtor's attorney Martin Latinksy from Fitzgerald and Associates. I acknowledged receipt of the Feb 19, 2020 fax transmittal and the Feb 23, 2020 letter both from his office. I explained to him UCDSS' limited involvement with the SOIL and TOP program once a claim is submitted for collection of debts owed to the agency. I suggested that he contact the State Dept of Treasury or the IRS regarding their tax intercept offset programs, process and procedures. I further advised him that UCDSS had not received any money owed to his client from the State or Federal offset programs. I acknowledged that UCDSS would refund to his client the money intercepted from her taxes upon actual receipt of the funds from the SOIL and/or TOP program(s). I explained to him the detailed process and estimated time frame involved; a similar conversation I had with Debtor in Feb 2020. My conversation with Atty. Latinsky was followed up by an email sent to him on Mar 3, 2020. **(EXHIBIT"AA")**

12.    On about Mar 12, 2020 my office received NOTICE OF MOTON alleging UCDSS violation of the Automatic Stay returnable on Apr. 1, 2020. Immediately upon receipt. I again checked with check Ms. Maldonado, to inquire about the status of UCDSS' receipt of Debtor's tax refund from SOIL and/or TOP Program. Ms. Maldonado confirmed that on Mar 11, 2020 UCDSS did receive a 36-page computer generated report from Federal Treasury Offset Program reporting and itemizing its receipt of tax intercepts from tax refunds. Ms. Maldonado was able to identify the TOP program intercept of the Debtors tax refund in the amount of $1783.00 was electronically transmitted to UCDSS for payment of the overpayment claim against the Debtor. **(EXHIBIT "BB")**

13.    Upon receipt of this information from Ms. Maldonado, I called Mr. Latinsky and advised him that UCDSS had received confirmation of receipt of funds from the received from TOP.  I advised him that now that the money is in fact in the possession of UCDSS the agency would begin the internal process of refunding the money to his client.  I told him every effort would be made to process payment ASAP, thus eliminating the need to proceed on his Motion returnable on Apr 1, 2020.

14.    On Mar 16, 2018 @ approximately 2pm, Union County Government offices were closed pursuant to NJ State Executive order # 104 Only offices departments  providing  essential services to the public remained open but on a very limited basis, with very limited employees and under extreme health and safety cautions. (**EXHIBIT "CC"**).

15.    On Mar 24, 2020 I emailed Atty. Latinsky advising him of my office shut down, again confirming UCDSS received $1783.00 from the State Offset program (in actuality the money came from TOP). I further advised him that I was uncertain how long it would take to process his client refund in light of the current Covid-19 Shut Down**. (EXHIBIT "DD")**

16.    From Mar 17 through May 11, 2020 my office and the ABACUS Dept were totally shut down and unable to access, send or receive postal mail communication.  In fact, my only mode of communicating while "working from home" was via email and accessing voicemail messages.  From Mar 17 to May 11 it should be noted I did not receive any emails or voicemail communication from Debtor's attorney.

17.    Beginning on May 11, 2020 many Union County Offices including my office and ABACUS Dept were cautiously re-opened on very limited basis (Mon to Fri 9m to 3pm), with very limited personnel operating on alternating work week schedule.   Many UCDSS offices/departments today still continue to operate on a limited schedule with limited personal.

18.    I personally returned to my office on May 18, 2020 and on May 21 bins of mailings directed to my office were delivered to me.  In one of those bins was Debtor's Amended Motion dated May 5, 2020 which scheduled hearing on May 20, 2020  Immediately upon receipt of that mailing I telephone Debtor's attorney Nicholas Fitzgerald another attorney in the office of Fitzpatrick & Associates in an attempt to discuss the case and find out the outcome of the May 20, 2020 hearing.    I was unable to speak with Atty. Fitzgerald and left a message with his office.

19.     On that same date and time, I again spoke with Ms. Maldonado about the status of the payment voucher sent out to Debtor.   According to Ms. Maldonado, the voucher was not sent out in Mar 2020 due to the COvid-19 emergency shut down of County offices.  The voucher was promptly mailed to his client on May 22, 2020.

20.     On May 26, 2020 I returned call from Atty. Fitzgerald, left on my voicemail on Friday May 22, 2020. After thorough discussion about the case I represented to him that UCDSS would refund the Debtor's money, and that a voucher was mailed to her on Mar 22, 2020 again reiterating to him that things were delayed and off track due to the Covid-19 pandemic crisis.   Atty. Fitzgerald advised me that the case was not heard on May 20, 202 and suggested that I contact the Court.

21.     Immediately following my conversation with Atty. Fitzgerald I attempted to speak with the Court leaving a voice mail message. Shortly after leaving the message, I received a call Gina, who identified herself as Hon. Judge Christine Gravelle's  trial assistance.  After briefly discussing the case and the shutdown of my office since Mar 17, 2020, Gina advised me that there had been other filing on the case since Mar 17, 2020 and she suggested I contact the Trustee's office speak with his assistant Anita for direction and guidance about seeking and adjournment on the case. She further indicated that all filing on the case were accessible via PACE.

22.     Following my conversation with Gina, I called and left a message with Trustees office.  I followed up on the call with an email to Anita in an effort to discuss adjourning the case.  A copy of the email was also emailed to the Court and Debtor's attorney (EXHIBIT "EE")

23.     I received a reply email from Mary Krieger, Staff Attorney responding to the email I sent to Anita and advising me that case was schedule for hearing on June 3, 2020. (EXHIBIT "FF")

24.     On May 28, 2020 replying to an email I received Atty. Fitzgerald.  I sent him a copy of the voucher mailed to Debtor on May 22,2020.  My email further requested clarification on the Debtor's receipt of $1783.00 referenced in his amended motion filed with the Court. (EXHIBIT "GG")

25.     The matter arises as a result of Debtor's failure to report earned income during the period Aug 15 thru Dec 2015 while public assistance benefits, namely SNAP (food stamps).   More specifically, the Debtor failure to report her income resulted in her receiving $1783.00 in SNAP benefits which she may not have been entitled to receive.

26. UCDSS notified debtor of the overpayment on no at least two occasion by sending computer generated correspondence to then known address. Both communications included information and instruction for repayment options. The letter also provided information for requesting a hearing if the debt is disputed. The Debtor NEVER contacted UCDSS to discuss payment arrangements, nor did she dispute the debt, nor did she request Fair Hearing Office of Administrative of Law.

27. Notwithstanding Debtor's assertions, UCDSS ABACUS Dept represents that they never received a copy of the Mar 2019 bankruptcy filing or the letter from her attorney dated Oct 15, 2019, prior to their receipt of the Feb 23, 2020 fax transmittal from Debtor's attorney.

28. Immediately receipt of the Feb 23, 2020 fax transmittal UCDSS to promptly took action to suspend collection action by electronic transmittal to SOIL and TOP programs. Again, UCDSS was unaware of any action that may have been taken by the SOIL and TOP programs.

29. Since receiving notification of the bankruptcy filing in February 2020, UCDSS continuously monitored electronic communications from both the SOIL and TOP for receipt of Debtor's tax refund intercept.

30. I personally communicated regularly with Debtor's attorneys advising them about the status UDSS receipt of funds and the process involved with refunding the money to his client.

31. The Covid-19 pandemic crisis forced the shutdown of not only the Union County Government but also the NJ State Government and the Federal Government and as a result contributed to the delay in issuing a refund to the Debtor.

32. UCDSS and its ABACUS Dept. act responsibly and expeditiously when in Feb 2020, they were first made aware of Debtor tax refund intercept. UCDSS could not begin to process any refund without having verified proof actual receipt of fund associated with Debtor income tax refund coming from the SOIL and/or TOP programs.

33. UCDSS and its ABACUS Dept. has absolutely no involvement, influence or control of on the handling of a claim once claim is electronically submitted to SOIL and/or TOP programs. Likewise, neither UCDSS or ABACUS Dept. has control on SOIL and/TOPS attaches a lien on of a taxpayer's income tax return, executes on the lien and or forwards the proof of the payment to UCDSS.

34. UCDSS has sent a payment voucher and is awaiting receipt of the signed document to be returned. Once receives the signed voucher it will be processed for payment through UCDSS Fiscal

Unit and mailed to Debtor.  Unfortunately, due to recently imposed Covid-19 protocol, Union County Government has placed limited visitor access to its buildings and offices.

35.  The undersigned relies on the information stated in herein to as support to UCDSS opposition to Debtors Motions asserting a violation by UCDSS of the Automatic Stay and in opposition of awarding Debtor Counsel attorney and cost  their office incurred in this matter.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Office of Union County Counsel

by: Pamela G. Dunn-Hale, Esq.
Deputy County Counsel,
Union County Division of Social Services

Dated:  May 28, 2020

# EXHIBIT "AA"

## Pamela Dunn-Hale

| | |
|---|---|
| **From:** | Pamela Dunn-Hale |
| **Sent:** | Tuesday, March 03, 2020 8:49 AM |
| **To:** | 'Martin Latinsky' |
| **Subject:** | RE: Erica Clark/chapter 13 bankruptcy/case no. 19-15546 |

Fitzgerald & Associates, P.C.
ATTN: Martin Latinsky
649 Newark Avenue
Jersey City, NJ 07306

RE: Erica Clark
      Our File Ref: #200778
      Debt Amount $1783.00

Dear Atty Latinsky:

    As I indicated to you in our conversation yesterday, receipt is acknowledged of correspondence from your office dated Feb 23, 2020 regarding the above referenced client. My client was advised of the Bankruptcy filing and did IN FACT stay their collection proceeding once they received notice.

    PLEASE BE ADVISED, that generally a tax intercept is imposed by and a lien is placed upon a taxpayers tax return by either the State/Federal government, not Union County Division of Social Services. In your client's case the Setoff was imposed by the IRS, resulting from her failure to pay back UCDSS, the Federal and State revenue systems automatically flags the taxpayer's records and generates the Setoff notice. If and when a taxpayer files their tax returns it is subjected to being intercepted by the SETOFF filed the State/Federal government. If in fact the tax refund is intercepted the State/Federal government they then send the money to Union County Division of Social Service. This process may take several months. If and when UCDSS receives the money from either the State /Federal government, the taxpayer then can contact UCDSS and request reimbursement of the money that was intercepted.

    Your client's tax refund was intercepted by the federal government. UCDSS HAS NOT received the setoff money ($1800) from IRS thus UCDSS is not prepared to refund/return her any money to her at this time. Inasmuch as your client's tax refund is a result of a Federal SETOFF, I suggest you contact the IRS @ IRS.gov for any additional information you may need regarding, the Bankruptcy proceedings refunding, reimbursing or releasing money to her .

    Feel free to contact the undersigned should you have any questions.

Pamela G. Dunn-Hale, Esq
Deputy County Counsel, Union County Division of Social Services
Phone: 908-965-3623

1

# EXHIBIT "BB"

► TOP Federal FS Debt Inquiry Screen

**TOP**    **SOIL**    **Logout**

**UNION** Agency

Welcome, msdddixon

new jersey
**department of human services**

**TOP / SOIL**

# TOP - Treasury Offset Program

Debt Inquiry

| Case# | | SSN# ® 147825428 | Agency | -- State -- ⌄ | Search | | Alias Name / Address |

Debt Details

| SSN | 147825428 | Case Number | C200778 | County | UNION |
|---|---|---|---|---|---|
| Last Name | CLARK | First Name | ERICA | MI | |
| FNS Debt Number | 20FSP0000000172154 | Original Debt Amount | $1,783.00 | Current Debt Balance | $0.00 |
| Delinquent Date | 05/11/2019 | New Delinquent Date | | Demand Letter Date | |
| Debt Create Date | 05/22/2019 | Last Update Date | 03/11/2020 | Update Source | SYS |
| Reopen Date | | Last Action Taken | Close Debt | FNS Cert Date | 12/11/2019 |
| Close Date | 03/11/2020 | Action Reason | | Last Collection/Offset date | 03/11/2020 |
| County Claim # | 20024681FSP | FNS Error Date | | 60 Day Notice Date | 10/09/2019 |
| Address Req Date | 06/24/2019 | Address Ret Date | 07/09/2019 | Fair Hearing Date | |
| Judgment Indicator | | Address Code | A00 | | |

** FNS Error Message --

Additional Members for Claim Number : 20024681FSP

| SSN | Last Name | First Name | M.I. | Debt ID Number | Last Action | Current Debt Balance |
|---|---|---|---|---|---|---|
| | | | | | | |

Debt 1 of 1

# EXHIBIT "CC"

Coronavirus Disease 2019 (COVID-19) Outbreak

Press Release
For Immediate Release  March 16, 2020

# COVID-19 in Union County: Human Services Update



Union County, NJ — The Union County Board of Chosen Freeholders has updated guidelines for accessing essential human services programs during the COVID-19 outbreak.

"Residents can continue to access vital services while observing basic guidelines for limiting the spread of the virus, including social distancing," said Freeholder Chairman Alexander Mirabella.

Residents in need are advised to contact County offices by phone whenever possible.

The following services have been impacted:

**American Job Centers**

- Both of the American Job Centers (in Elizabeth and Plainfield) are open at this time. However, please call ahead in case of changes.

**Paratransit**

- Effective Monday, March 16, the Union County Paratransit System will run only life-sustaining medical trips.
- All other transportation is cancelled until further notice, including the Route 22 Safety Shuttle.

**Meals on Wheels**

- All congregate sites will be closed effective Wednesday, March 18 (some have already been closed by their jurisdictions).
- Any person who previously used one of the 23 congregate meals sites and continues to need assistance with meals can call Union County Meals on Wheels at 908-527-4870.
- Home delivered meals for persons with disabilities and seniors over 60 and older will continue and will be expanded for persons in need of meals in their homes, while observing precautions for limiting contact.

**Emergency Shelter for Persons who are Homeless**

- Persons who are homeless, or anyone assisting a homeless person can call the Division of Social Services at 908-965-2700. All arrangements for assistance will be made by phone.
- After 4:00 p.m., all after-hours referrals for shelter should be directed to the Statewide Homeless Hotline, 211 or 877-652-1148.

**Snap Food Stamps, Cash Assistance and Work Requirements**

- To apply for SNAP food assistance, or cash assistance under the Work First New Jersey program, Union County residents may do so online at .org. An office visit is not required, as the Union County Division of Social Services will have staff is available to conduct interviews by phone.
- Work First New Jersey cash assistance clients who are due for their case to be reviewed in March or April will receive a 60-day extension. The extension is automatic and does not require an office visit.
- SNAP food assistance or Work First New Jersey cash assistance clients are excused from their work activity requirement without penalty. This includes people who are applying for Work First New Jersey General Assistance and who are in a work activity for 28 days while their application is being reviewed. Please note that voluntary participation in a work activity is allowed, if the activity is conducted in accordance with social distancing guidelines for preventing the spread of COVID-19.
- Clients are encouraged to mail or fax any needed paperwork to the Division of Social Services offices. For those dropping off papers by hand, use the drop boxes located in the front lobbies of the Social Services offices at 342 Westminster Avenue in Elizabeth or 200 West Second Street in Plainfield.

The following offices are available to persons needing other assistance

**24-Hour Emergency Psychiatric Services**

- Mobile Community Outreach (Adults)  908- 994-7131
- Union County Mobile Response & Stabilization (Children)  877-652-7624
- RWJ University Hospital  732-381-4200
- Overlook Hospital  908-522-2000
- For information about mental health or addiction services in Union County, call 908-527-4846 or 908-527-4844.

**24 Hour Rape Crisis Hotline**

- Persons in need of assistance due to sexual assault should call the 24 hour hotline: 908-233-RAPE

**Family Crisis Information**

- Persons in need of 24/7 response within one hour for youths in crisis or unable to remain in their homes can call 908-514-2313.

**Immunization Clinic**

- Until further notice the Pediatric Immunization Clinic remains open at 40 Parker Road Elizabeth NJ.

For more information about services provided by the Division of Human services visit online at ucnj.org/departments/human-services.

For additional updates on all County services impacted by COVID-19  including recreation cancellations and closures, visit ucnj.org/coronavirus.

Members of the public with questions about COVID-19 can call the New Jersey Department of Health Novel Coronavirus Call Center at 1-800-222-1222  The call center is open 24/7 and offers guidance in several languages.

Please note that this number is for the general public only. Clinicians should call their local health department for guidance.

# #

*For all Union County programs and services visit ucnj.org, call the Public Info Line, 877-424-1234, email info@ucnj.org or use the online Contact Form*

*Connect with Union County on social media.*

Share this:

« Special Meeting of the Union County Board of Chosen Freeholders

Special Meeting being hosted by the Fiscal Affairs Committee Notice »

# EXHIBIT "DD"

**Pamela Dunn-Hale**

| | |
|---|---|
| **From:** | Pamela Dunn-Hale |
| **Sent:** | Tuesday, March 24, 2020 8:04 AM |
| **To:** | 'Martin Latinsky' |
| **Subject:** | RE: Erica Clark/chapter 13 bankruptcy/case no. 19-15546 |

Fitzgerald & Associates, P.C.
ATTN: Martin Latinsky
649 Newark Avenue
Jersey City, NJ 07306

**RE: Erica Clark**
   **Our File Ref: #200778**
   **Debt Amount $1783.00**

Dear Atty. Latinsky:

Since we last spoke a few weeks ago, my office has be shut down, as is much of Union County pursuant to an Executive Order of the Union County Government. Union County Division of Social Services is only open for essential services necessary to address the public assistance benefits (SNAP, TRA, TANF & GA) during this very difficult time. I do not know exactly when I will be return to my office but I do check my email regularly.

I believe that when we last spoke, on Mar 12, 2020 I indicated to you that UCDSS collection department was able to confirm receipt of $1800.00 ($1783.00 plus fees) from NJ Offset Program, the money intercepted form Ms. Clark's NJ income tax filing.

The money is now in the possession of Union County Division of Social Services. UCDSS in in the process of preparing the necessary paperwork to refund the money to Ms. Clark. The Finance Dept. will prepare and mail a voucher for Ms. Clark to sign and return to the UCDSS. Once the voucher is received by Union County Finance Dept., a check will be mailed to Ms. Clark. The process generally takes 2-3 weeks, every effort will be made quickly process her payment. Unfortunately, given the current situation I do not know if a voucher has been processed to date.

As previously stated, I am only available via email which I check periodically. Let me know if you have questions/concerns.

Pamela G. Dunn-Hale Esq
Deputy County Counsel, UCDSS
Phone 908-965-3623

1

# EXHIBIT "EE"

## Pamela Dunn-Hale

| | |
|---|---|
| **From:** | Pamela Dunn-Hale |
| **Sent:** | Tuesday, May 26, 2020 11:07 AM |
| **To:** | 'atravea@russotrustee.com'; 'Chambers_of_CMG@njb.uscourts.gov' |
| **Cc:** | 'jfitzpatrick@fitzgeraldcrouchlaw.com' |
| **Subject:** | In re Erica C Clark Chapter 13 Case No : 19-15546-CMG |

Albert Russo, Trustee
ATTN:  ANITA TRAVEA, Assistant

Dear Ms. Travea:


The undersigned is Deputy Counsel for Union County Division of Social Services.    Please be advised that many offices in Union County have been operating on a  limited schedule pursuant to a  Mar 17, 2020 Executive Order of the  Union County Government.  Since Mar 18, 2020 Union County Division of Social Services has only been open for essential services necessary to address  public assistance benefits (SNAP, TRA, TANF & GA) during this very difficult time.  Recently, the County has  re-opened on a limited/abbreviated schedule  (Mon  - Thurs; 9am to 3pm) allowing some employees to return on limited days and hours.

On May 21, 2020 I received a copy of  debtor's Motion ( dated May 5,2020)  returnable on May 20, 2020.    I immediately  contacted  Atty. James Fitzpatrick and left a message for him to return my call.   Mr. Fitzpatrick returned my call on Friday, 5/22/2020  when  my office was closed.   Finally today, I spoke with  Atty. Fitzpatrick and briefly discussed the case with him and he suggested I contact the Court.  Following my conversation with Atty. Fitzpatrick I immediately placed a  call to Judge Gravelle chambers, and  spoke with her Judicial Assistance, Gina.   According to Gina, the Judge has not made a ruling on the May 20, 2020 motion. Gina also advised me that there have been several filings on this case related to the Motion.  I do not recall having received copies of any filings that  may have been sent to the Court after Mar 17, 2020.  Unfortunately with the Covid-19 shutdown and limited staff,  mail sent to my office has been significantly delayed in getting to my desk.

I am writing to request that the pending motion before the Court be adjourned for at least one cycle to allow my office time to further investigate the facts and circumstance which are the subject of Debtor's motion and to respond accordingly.  By copy of this email to both the Court and Atty. Fitzpatrick I am advising them of this request to adjourn  hearing on the Motion pending before the Court.

Please contact the undersigned via email  and advise of the procedure required by  your office and/or the Court to adjourn the case.


Respectfully,


Pamela G Dunn-Hale, Esq
Deputy County Counsel, Union County Divisions of Social Services
Phone: 908-965-3623
Fax: 908-558-6937

1

# EXHIBIT "FF"

## Pamela Dunn-Hale

| | |
|---|---|
| **From:** | Mary Krieger <mkrieger@russotrustee.com> |
| **Sent:** | Tuesday, May 26, 2020 3:14 PM |
| **To:** | Pamela Dunn-Hale; James Fitzpatrick |
| **Cc:** | diane_lipcsey@njb.uscourts.gov; Regina Price |
| **Subject:** | RE: In re Erica C Clark Chapter 13 Case No : 19-15546-CMG |

Dear Ms. Dunn-Hale,

Anita Travea kindly forwarded your email to me as I am the staff attorney who appears in Chapter 13 matters before Judge Gravelle. It appears that the court has relisted the matter for 6/3/20.

There have been filings in the case that are on the docket after March 17,2020. I am sure Mr. Fitzpatrick can assist you with respect to those documents.

If you and Mr. Fitzpatrick are able to reach a resolution of the Motion prior to the 6/3/20 hearing date, please let myself and the Court know.

Thank you.


Mary A. Krieger
Staff Attorney
mkrieger@russotrustee.com
Direct Extension: 128

Office of the Standing Chapter 13 Trustee
Albert Russo
1 AAA Drive - Suite 101
Robbinsville, NJ 08691
609-587-6888 - phone
609-587-9676 - fax

**From:** Anita Travea
**Sent:** Tuesday, May 26, 2020 2:33 PM
**To:** Mary Krieger <mkrieger@russotrustee.com>
**Subject:** FW: In re Erica C Clark Chapter 13 Case No : 19-15546-CMG



Anita Travea
Case Management Coordinator
Email: atravea@russotrustee.com
Phone: 609-587-6888    ext. 133
Fax: 609-587-9676

Information and policies are available on our website: www.russotrustee.com

Albert Russo, Standing Chapter 13 Trustee

1 AAA Drive - Suite 101
Robbinsville, NJ 08691

This message together with any attachment is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged or confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachments, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone (609) 587-6888, or return the email and delete this message along with any attachments from your computer. Thank you.

**From:** Pamela Dunn-Hale <pdunn-hale@ucnj.org>
**Sent:** Tuesday, May 26, 2020 11:07 AM
**To:** Anita Travea <atravea@russotrustee.com>; Chambers_of_CMG@njb.uscourts.gov
**Cc:** jfitzpatrick@fitzgeraldcrouchlaw.com
**Subject:** In re Erica C Clark Chapter 13 Case No : 19-15546-CMG

Albert Russo, Trustee
ATTN:  ANITA TRAVEA, Assistant

Dear Ms. Travea:


The undersigned is Deputy Counsel for Union County Division of Social Services.   Please be advised that many offices in Union County have been operating on a  limited schedule pursuant to a  Mar 17, 2020 Executive Order of the  Union County Government.  Since Mar 18, 2020 Union County Division of Social Services has only been open for essential services necessary to address  public assistance benefits (SNAP, TRA, TANF & GA) during this very difficult time.   Recently, the County has  re-opened on a limited/abbreviated schedule  (Mon  - Thurs; 9am to 3pm) allowing some employees to return on limited days and hours.

On May 21, 2020 I received a copy of  debtor's Motion ( dated May 5,2020)  returnable on May 20, 2020.   I immediately  contacted  Atty. James Fitzpatrick and left a message for him to return my call.   Mr.  Fitzpatrick returned my call on Friday, 5/22/2020  when  my office was closed.   Finally today, I spoke with  Atty. Fitzpatrick and briefly discussed the case with him and he suggested I contact the Court.  Following my conversation with Atty. Fitzpatrick I immediately placed a  call to Judge Gravelle chambers, and  spoke with her Judicial Assistance, Gina.   According to Gina, the Judge has not made a ruling on the May 20, 2020 motion. Gina also advised me that there have been several filings on this case related to the Motion.  I do not recall having received copies of any filings that  may have been sent to the Court after Mar 17, 2020.  Unfortunately with the Covid-19 shutdown and limited staff,  mail sent to my office has been significantly delayed in getting to my desk.

I am writing to request that the pending motion before the Court be adjourned for at least one cycle to allow my office time to further investigate the facts and circumstance which are the subject of Debtor's motion and to respond accordingly.  By copy of this email to both the Court and Atty. Fitzpatrick I am advising them of this request to adjourn  hearing on the Motion pending before the Court.

Please contact the undersigned via email  and advise of the procedure required by  your office and/or the Court to adjourn the case.


Respectfully,


Pamela G Dunn-Hale, Esq

# EXHIBIT "GG"

## Pamela Dunn-Hale

**From:** Pamela Dunn-Hale
**Sent:** Thursday, May 28, 2020 7:53 AM
**To:** 'James Fitzpatrick'
**Subject:** RE: In re Erica Clark, Case no. 19-15546 CMG
**Attachments:** CLARK - voucher.pdf

Mr. Fitzpatrick

My apologies for not responding to you earlier. A family emergency necessitate my having to leave office yesterday. I will be out of the office still dealing with the emergency, but will be check my emails periodically.

Here is the voucher that was sent last week. Initially is was to go out in Mar ( per my conversation with Mr. Latinsky ) but due to bureaucratic government/agency delay, the Covid-190 County SHUT DOWN on Mar 17, 2020 and, limited access to the office nothing was done until last week.

Pamela G Dunn-Hale, Esq
Deputy County Counsel, Union County Divisions of Social Services
Phone: 908-965-3623
Fax: 908-558-6937

**From:** James Fitzpatrick [mailto:jfitzpatrick@fitzgeraldcrouchlaw.com]
**Sent:** Wednesday, May 27, 2020 12:53 PM
**To:** Pamela Dunn-Hale
**Subject:** In re Erica Clark, Case no. 19-15546 CMG

Pamela,

I just got off of the phone with the client. She confirmed that she has not received any form of voucher from your office. Please send me a copy of the voucher so that I can review it with her.

Thanks,
Jim Fitzpatrick

*James J. Fitzpatrick, Esquire*
Fitzgerald & Crouch, P.C.
649 Newark Avenue
Jersey City, NJ 07306
Phone: 201-533-1100
Fax: 201-533-0664
jfitzpatrick@fitzgeraldcrouchlaw.com

**PAMELA G. DUNN-HALE, ESQ, 028701984**
**Deputy County Counsel**
**OFFICE OF UNION COUNTY COUNSEL**
**Division of Social Services**
**342 Westminster Ave**
**Elizabeth, NJ 07208**
**(908) 965-3602**
**Attorney for Plaintiff**

UNITED STATE BANKRUPTCY COURT
DISTRICT OF NEW JERSEY---TRENTON

------------------------------------------------------    Chapter 13

In Re:                                                    Case No: 19-15546

                                                          Hon. Christine M. Gravelle

ERICA C. CLARK

------------------------------------------------------

CERTIFICATION OF BETH MALDONADO  hereby certifies and says:

    1. I  am a Human Service Specialist-4 , the Supervisor of the Automated Budgeting and Claims

Updating System ( hereinafter "ABACUS")  Department with Union County Division of Social

Services (hereinafter  "UCDSS").  I have been employed with UCDSS for 22 years primarily in the

ABACUS Dept. and am Supervisor with ABACUS for 12 years.

    2. The ABACUS Dept.  is made of several units whose responsibility is to research,

investigate, identify, collect, recoup and monitor payments for cases involving overpayments of public

assistance, including Food Stamps, Cash Assistances and Medicaid due to a public assistance

recipient's fraud or failure to report earned/unearned income while receiving benefits.

    3.  The ABACUS computer system is connected to the State and or Federal Treasury Off-Set

program.  It identifies payments, debts of recipients of UCDSS benefits by social security number, case

numbers, etc.

assistance, including Food Stamps, Cash Assistances and Medicaid due to a public assistance

recipient's fraud or failure to report earned/unearned income while receiving benefits.

3.  The ABACUS computer system is connected to the State and or Federal Treasury Off-Set

program.  It identifies payments, debts of recipients of UCDSS benefits by social security number, case

numbers, etc.

4.  I am not personally familiar with the day to day circumstance and activities involving Ms.

Clark's public assistance case but as Supervisor I  have reviewed UCDSS information, files and

computer records and make this certification based on my review of the information contained therein.

In or about March or April 2019 UCDSS identified an overpayment of public assistance benefits,

specifically Supplemental Nutrition Assistance Program benefits (hereinafter "SNAP") paid to Erica

Clark.   The overpayment was a result of Ms. Clark's failure to report earned income from her

employment during the period Aug 2015 to Dec 2015 resulting in the overpayment of $1783.00 in

SNAP benefits.

5.  On April 11, 2019 UCDSS mailed to the Debtor, to her then known address 1056 Bond St.,

1st Floor, Elizabeth, NJ 07201 a computer generated communication entitled "IMPORTANT NOTICE

TO REPAY  OVERISSUED NJ SNAP BENEFITS",  which served to put Debtor on notice of the

overpayment claim, suggested repayment options, potential collection actions and her right to a request

a hearing on the merits of the claim.   The notice further states that failure to remit payment

and/or make payment arrangements within 30 days of the date of the letter the debt would be considered delinquent.   (EXHIBIT "A")

6.   On or about Apr 24, 2019 UCDSS was notified that the mailing to Ms. Clark was returned. UCDSS ran a postal check and the Notice was resent to Ms. Clark at 124 9th St., Piscataway, NJ 08854.

7. Another attempt to notify Ms. Clark about the overpayment was sent by letter dated Aug 9, 2019.  (EXHIBIT B). Ms. Clark never responded to the Aug 9, 2019 letter.
UCDSS NEVER sent any further written communication to Ms. Clark after Aug 9, 2019.   The letter referred to in Debtors EXHIBIT "E" did not  come from nor was it generated by UCDSS ABACUS Unit.

8.   On Oct 29, 2019, six months, 120 days  after receiving no payments, no repayment agreement and no communication from Ms. Clark  the ABACUS system automatically  flagged Ms. Clark,  for tax intercept thereby notifying New Jersey's Set Off Individual Liability ( hereinafter "SOIL") SOIL and/or Federal Treasury Offset Program (hereinafter "TOP") programs for collection. UCDSS took no further affirmative collection action via state court proceeding on Ms. Clark's case because the amount of the debt was less than the $2,500.00 a threshold amount established by UCDSS Legal Dept. collection unit.

9.   In cases where there have been no payments or when payments are delinquent the SOIL and/ or TOP programs takes independent actions to collect the debt.  UCDSS has absolutely no involvement with the SOIL or TOP collection process, procedure or activity.  It is important to note that either the SOIL or the TOP program or both can simultaneously go after a taxpayer to recover debts from  the State or Federal tax refund.

10.   A delinquent case is automatically and electronically flagged to SOIL and TOP programs through the ABACUS computer system.   IT is then that the state and federal treasury department sends out correspondence to the Debtor notifying them of their SET-OFF and further directs the Debtor to contact the named agency to whom the debt is owed to discuss payment options.   UCDSS is never notified or copied on any communications that Debtor may receive for the TOP or SOIL Off-Set programs.

11.   Historically it is not until the Debtor receives a SET-OFF notice from SOIL or TOPs that and the Debtor contacts the agency as directed in the letter, is UCDSS aware of that there is a pending tax intercept.

12.   UCDSS ABACUS Dept. electronically sends quarterly reports to SOIL and TOP which identifies and tracks cases where there are payment agreement delinquent payments, suspended cases and cases that have been fully satisfied by payment.

13.   Any state tax or federal tax offset against Ms. Clark's income tax was done in accordance with the SOIL and TOP Set-Off collection procedures.

14.   Upon information and belief UCDSS first notice of Ms. Clark Bankruptcy case came in or about February 19, 2020 when she spoke with UCDSS worker J. Havlorsen.   According to agency computer records, Ms. Havlorsen advised Ms. Clark that the agency had not received notification of the Bankruptcy filing and requested that she send in proof of her filing.

15.   On Feb 20, 2020 UCDSS ABACUS received proof of Ms. Clark's bankruptcy petition and immediately SUSPENDED activity on Ms. Clark claim Status, and electronically sent notification to the SOIL and TOP programs.

16.   Upon information and belief, during the month of Feb. 2020 the UCDSS ABACUS and UCDSS Legal Depts. received at least one office visit from Ms. Clark  and in March 2020 Ms. Clark and or her legal representative made several phone calls to UCDSS inquiring about the tax intercept and demanding refund of  $1783.00 that was intercepted from her NJ State Tax refund.  Both Ms. Clark and her attorney were advised that UCDSS would refund the $1783.00 that was taken from her taxes but could not issue the refund until money is received by the agency.  Ms. Clark and her attorney were also advise of  UCDSS procedure and process for refunding payments.

17.   As of February Feb. 2020 UCDSS had not received notification  from the SOIL or TOP of the actual tax intercept  of  $1783.00 collected  from Ms. Clark's tax refund

18.   UCDSS is unable to payout, refund or reimburse any money that may come from a SOIL or TOP tax intercept program until the money actually appears on the Federal Top Intercept report. Once receipt of payment is electronically acknowledged UCDSS prepares a payment voucher and mails it sends it to the taxpayer  for signature.  Under normal circumstance the County's Voucher Payment system can take up to eight weeks before payment is actual sent out.

19.   On Mar 12, 2020  at the direction of Atty. Dunn-Hale, I again checked to see if UCDSS

ABACUS unit had received Ms. Clarks  tax intercept.    On that date is was determined that the

Federal Top Intercept was sent to our agency on the March 11, 2020 weekly transition report which is

run every Wednesday.

20.  The list of payments is then sent to the fiscal office to be posted to the client's account.  I

sent the report with a note to generate a voucher for Ms. Clark so we could refund her money.

money.  However, due to Covid-19 our office was closed on March 17, 2020.

21.  I returned to the office on May 22, 2020 on a voluntary basis and I saw that a voucher was

not done for Ms. Clark and I immediately produced a voucher and had it mailed out to her.  When she

signs and returns the voucher I will process the voucher and forward UCDSS Fiscal Dept.  to the so

they can complete the voucher process.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I may be subject to punishment

_____
Beth Maldonado, Human Service Specialist-4
Supervisor ABACUS Unit

Dated:  May 2, 20200

**PAMELA G. DUNN-HALE, ESQ, 028701984**
**Deputy County Counsel**
**OFFICE OF UNION COUNTY COUNSEL**
**Division of Social Services**
**342 Westminster Ave**
**Elizabeth, NJ 07208**
**(908) 965-3602**
**Attorney for Plaintiff**

UNITED STATE BANKRUPTCY COURT
DISTRICT OF NEW JERSEY---TRENTON

-------------------------------------------------------

In Re:

Chapter 13

Case No: 19-15546

Hon. Christine M. Gravelle

ERICA C. CLARK

-------------------------------------------------------

## CERTIFICATION OF SERVICE

I, Pamela G Dunn-Hale, Esq.  Deputy County Counsel in the Office of Union County Counsel, Attorney for Union County Division of Social Services.

1. On June 1, 2020, I caused a copy of the following documents to be to be served upon the following parties to this action.

> CERTIFICATION IN OPPOSITION TO DEBTORS MOTION ALLEGING A VIOLATION OF AUTOMATIC STAY AND FOR ATTORNEYS FEES AGAINST UNION COUNTY DIVISION OF SOCIAL SERVICES

> CERTIFICATION OF BETH MALDONADO

> CERTIFICATION OF SERVICE

2. I certify under penalty of perjury, that the above documents were served upon the parties listed below via Notice of Electronic Filing and email:

Nicholas Fitzgerald, Esq.
649 Newark Ave
Jersey City, NJ 07306
**Email:  jfitzpatrick@fitzgeraldcrouchlaw.com**

Anthony Russo, Standing Trustee
ATTN: MARY KRIEGER
1 AAA Drive, Suite 101
Robbinsville, NJ 08691
**Email: mkrieger@russotrustee.com**

Date: May 28, 2020

Pamela G. Dunn-Hale, Esq